UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

PRESTON RIDSDALE,

Plaintiff,

v.

DENNIS BENSON, ERIC SKON,
DAVID CRIST, CHRIS OLSON, et al.,

Defendants.

Civil No. 00-2780 (JMR/FLN)

ORDER

---

Plaintiff, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983. He claims that Defendants are violating his federal constitutional right of access to the courts by limiting the volume of "legal papers" he can keep in his possession.

Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated January 8, 2001, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 8), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.[1]

---

[1] A few days after Plaintiff paid his initial partial filing fee, his mother submitted the remaining balance of the filing fee, (Docket No. 10), so there is no outstanding fee obligation to be paid under the installment payment provisions of 28 U.S.C. § 1915(b)(2).

FILED FEB 06 2001
CLERK
DEPUTY CLERK

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. Because he is being granted IFP status, Plaintiff is entitled to have the four named Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Marshal service form (Form USM-285), and one extra copy of his complaint,[2] for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. See Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285) and an extra copy of his complaint. (Form USM-285 will be provided by the Clerk's office upon request.)

---

[2] Plaintiff's complaint (Docket No. 1) bears the misleading caption "Emergency Motion By Plaintiff For Declaratory Judgement And Injunctive Relief Against The Defendants." Because the third paragraph of the so-called "Emergency Motion" begins with the phrase "The Plaintiff, for his complaint against the Defendants alleges the following...," the Clerk of Court properly construed the document to be Plaintiff's complaint, (even though Plaintiff, as a prisoner civil rights complainant, should have used the form complaint prescribed by Local Rule 9.3).

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Finally, the Court notes that Plaintiff has filed a document entitled "Motion For Discovery," (Docket No. 2), by which he apparently is seeking an order compelling Defendants to comply with certain discovery demands. This motion is obviously premature, as none of the Defendants has even been served yet. Defendants are not obligated to comply with any discovery demands until after (a) they have been properly joined as parties to this action (through valid service of process), (b) proper discovery demands have been served upon them, and (c) they have had an opportunity to comply with (or object to) such discovery demands. Therefore, Plaintiff's pending "Motion For Discovery" will be denied.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Within thirty (30) days after the date of this order, Plaintiff shall file one properly completed Marshal service form (Form USM-285), and one copy of his complaint, for each Defendant to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

3. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of his complaint;

4. A copy of this Order shall be served together with the summons and Plaintiff's complaint;

5. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's complaint; and

6. Plaintiff's "Motion For Discovery," (Docket No. 2), is DENIED.

Dated: February 6, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge