UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Preston Risdale,

Plaintiff,

v.

Dennis Benson, Eric Skon,
David Crist, Chris Olson, et al.,

Defendants.

Civil No. 00-2780 (JMR/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is now before the Court on Defendants' Motion To Dismiss Or in the Alternative for Summary Judgment [# 34] and Motion to Dismiss this Action as Moot [#48][1] and Plaintiff's Dispositive Motion" [#38]and has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court finds that this action must be dismissed as moot.

## I. BACKGROUND

Plaintiff, an inmate at the Minnesota Correctional Facility at Stillwater[2] at the time the present action was filed ("MCF-STW") is seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (See Docket No. 1.)[3] Defendants now bring these motions for dismissal or summary judgment on the grounds that (1) Plaintiff does not have standing

[1] Also before the Court is Plaintiff's Motion for Discovery [Docket No. 26]; Motion to Request Hearing to Remove Magistrate Judge for Actual Prejudice or Bias [Docket No. 32]; and Request for Continuance to Delay Summary Judgment [Docket No. 33].

[2] Plaintiff was released unconditionally on May 17, 2002. See Affidavit of Mary Hogan, Ex. B [Docket No. 50].

[3] By Order dated Februaruy 6, 2001, this Court construed "Emergency Motion by Plaintiff for Declaratory and Injunctive Relief Against the Defendants" as a Complaint alleging violation of Plaintiff's constitutional rights.

FILED JUL 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

to assert a cause of action for violation of his right of access to the courts or his right to petition the government for redress of grievances; (2) Plaintiff has not plead a deprivation of property that could give rise to a due process claim; (3) Plaintiff has not stated a claim for a violation of the Eighth Amendment; (4) the policy challenged by Plaintiff is constitutional; and (5) this action is moot because the Complaint requested only declaratory and injunctive relief that Plaintiff could retain a reasonable amount of legal material in his cell, however, Plaintiff is no longer incarcerated in a Minnesota Correctional Facility.

Plaintiff believes that Defendants[4], by instituting and enforcing a prison property policy that restricts prisoners to the amount of personal property, including legal materials, that will fit into two footlockers, violated his constitutional rights. (See Complaint [Docket No. 1]). Plaintiff alleges that to comply with the policy he had to choose between divesting himself of clothing, hygiene and writing materials or his legal materials. Id., ¶ 4. Plaintiff put his legal materials in a third box, outside the two footlockers, and was ordered to provide an address where he would like the materials to be mailed. Id. Plaintiff mailed the materials to the Clerk of this Court. Id. Plaintiff filed a grievance with senior administrative personnel at MCF-STW but was denied relief. Id., ¶ 5.

Plaintiff alleges that these acts by Defendants violate the First Amendment right of the people to petition the government for redress of grievances and the right of access to the courts; the Fifth Amendment right to due process; the Fourteenth Amendment due process and equal protection

---

[4] Plaintiff alleges that Dennis Benson and Eric Skon were promoted to Deputy Commissioner and Associate Deputy Commissioner of Corrections for Minnesota's Department of Corrections and authored the MN-DOC Inmate Inventory Policy & Procedure No. 3.160.0, (effective 5/95), which restricts the amount of personal property that can be kept by Minnesota prisoners in their cells. (See Complaint, ¶ 1). Plaintiff alleges that Sergeant Chris Olson and Property Control Lieutenant Mark Kroll enforced this policy, which resulted in the shipment of his legal materials to an off-site location. Id., ¶¶ 4-5.

clauses; and the Eighth Amendment right to be free from cruel and unusual punishment (See Complaint, ¶¶ 6-7). Plaintiff sought declaratory judgment affirming his right to possess a reasonable amount of legal material "to maintain conversant with the courts in his actions[5] currently ongoing, including his appeal of state conviction." Id.

Plaintiff filed several briefs in objection to Defendants' Motion to Dismiss or for Summary Judgment. (See Docket Nos. 38, 41, 42, 43, 46). Plaintiff alleged that Defendants attempted to prevent him from filing his legal papers. However, the Court notes that it has received Plaintiffs' responses to Defendants' Motion to Dismiss or for Summary Judgment. Plaintiff responded to each point raised by Defendants. (See Plaintiff Brief in Objection to Defendants Motion to Dismiss or For Summary Judgment [Docket No. 42]). First, Plaintiff argues that he has standing to bring this action because he has suffered actual damages resulting from loss of his legal papers.[6] Plaintiff alleges that because he was forced to remove his trial transcripts from his cell he did not have the transcripts available when filing papers in his various court actions. Id. Plaintiff alleges that this caused him to lose a number of cases before the courts. Id.

Second, Plaintiff argues that denial of critical legal papers caused him to suffer actual damages, "thus defining a denial of due process claim." Id. Third, he argues that if the Court accepts his allegations as true, he has stated a claim under the Eighth Amendment. Id. Fourth, he

---

[5] Plaintiff listed nine ongoing legal actions for which he was keeping legal materials in his cell. (See Complaint, ¶ 3).

[6] Plaintiff also alleges he was denied access to legal research and the law library on a number of occasions. As these allegations were not part of the Complaint or relief requested therein, the Court will address only those allegations related to the inability to maintain legal materials in his cell.

argues that MNDOC property directive 302.250[7] is unconstitutional as written and as imposed and that MNDOC's objective was not legitimate or neutral but was deliberately indifferent to his written pleas for relief regarding the policy. Id. Finally, Plaintiff argues that the case is not moot because "damages have and continue to occur and will keep happening till these issues of allowing prisoners a reasonable amount of legal papers..." (See Plaintiff's objection to the states motion to dismiss this action as Moot [Docket No. 51]).

## II. DISCUSSION

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases and controversies' as defined under Article III of the Constitution." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). A federal court no longer has jurisdiction when a case is moot and no longer presents an actual controversy. Id. A claim for declaratory and injunctive relief to improve prison conditions is moot when the prisoner is no longer incarcerated and is no longer subject to those conditions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998).

### B. Analysis

The relief sought by Plaintiff is for declaratory judgment "affirming Risdale's right to possess a reasonable amount of legal materials to maintain conversant with the courts in his actions currently ongoing, including his appeal of state conviction." (See Complaint, ¶ 7.) Plaintiff is no longer incarcerated and no longer subject to the prison conditions upon which he complains. Thus, this case no longer presents an actual controversy.

---

[7] Division Directive 302.250, Offender Property, ¶ 4 sets forth the two footlocker rule at issue in this case. (See Affidavit of Lisa Rudeen, Ex. 1 [Docket No. 36]).

Plaintiff argues that if this Court does not address the issue, then others will continue to be harmed by the prison policy restricting the amount of property in a cell. A claim that is "capable-of-repetition-yet-evading-review" creates an exception to the mootness doctrine. Hickman v. Missouri, 144 F.3d at 1142. This exception only applies where the challenged action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the same complaining party will be subject to the same action again. Id. at 1142-43.

Neither of the two prongs of the exception to the mootness doctrine are met here. The "evading review" prong is not met because enforcement of the prison policy regarding the amount of property maintained in a cell is not of such short duration that any case raising such an issue is unlikely to be fully litigated. The "capable of repetition" prong is not met because Plaintiff has not established that there is a reasonable expectation that he will be subject to the same action again. Therefore, the case is moot and the Court lacks subject matter jurisdiction.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

A. Defendants' Motion to Dismiss This Action as Moot [Docket No. 48] be granted and Defendants' Motion to Dismiss or in the Alternative for Summary Judgment be denied as moot [Docket No. 34].

B. Plaintiff's Motion for Discovery [Docket No. 26]; Motion to Request Hearing to Remove Magistrate Judge for Actual Prejudice or Bias [Docket No. 32]; Request for Continuance to Delay Summary Judgment [Docket No. 33]; and "Plaintiff's Dispository Motion" [Docket No. 38] be denied as moot.

C. Plaintiff's legal materials held by the Clerk's office [See Docket No. 4] be returned to Plaintiff's last known address.

Dated: July 19, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.